FILED
2019-CCL-01808
12/11/2019 5:58 PM
Sylvia Garza-Perez
Cameron County Clerk

2019-CCL-01808

Cause No. _____

| | | |
|---|---|---|
| **JESUS HECTOR ZALDIVAR** | § § § § § § § | **IN THE COUNTY COURT** Cameron County - County Court at Law II **AT LAW NUMBER** \_\_\_\_ **CAMERON COUNTY, TEXAS** |
| v. | | |
| **CAROL ANN LUDWIG** | | |

## PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **JESUS HECTOR ZALDIVAR**, Plaintiff herein, complaining of Defendant, **CAROL ANN LUDWIG**, herein, and for cause of action would respectfully show unto the Court as follows:

### I. PARTIES

Plaintiff is an individual residing in Cameron County, Texas.

Defendant, **CAROL ANN LUDWIG**, is a resident and citizen of the State of Iowa who resides at **2208 190th Street, Corwith, Iowa 50430-8515**. By virtue of the operation of a motor vehicle on the public roads of Texas, as more particularly described below, the defendant **CAROL ANN LUDWIG** has appointed the Chairman of the Texas Transportation Commission as her agent on whom citation may be served in accordance with Section 17.063 of the Civil Practice and Remedies Code. ISSUANCE and SERVICE of citation over this Defendant is requested at this time.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiff seeks a discovery control plan under Level 2.

### II. JURISDICTION

Plaintiff resides in Cameron County, Texas. Defendant, **CAROL ANN LUDWIG**, resides in the State of Iowa, and the accident made the basis of this suit occurred in Cameron County, Texas.

Venue for this cause is therefore proper in Cameron County, Texas, pursuant to the Texas Civil Practice and Remedies Code.

## III.
## FACTS

Plaintiff brings this lawsuit to recover damages arising out of an automobile collision which occurred on or about January 23, 2019. On this date the Plaintiff was operating his vehicle in a lawful manner, in Cameron County, Texas, east bound on the inside lane of East Queen Isabella Blvd when Defendant **CAROL ANN LUDWIG** failed to yield the right of way as she was traveling south bound on the cross street of N. Longoria, and struck Plaintiff's vehicle with the front of her vehicle and caused Plaintiff's injuries and damages. Specifically, Defendant **CAROL ANN LUDWIG** failed to control her speed, failed to keep a proper lookout and failed to yield the right of way as she attempted to make a left turn and collided with Plaintiff's vehicle. Defendant **CAROL ANN LUDWIG** was cited for Failing to Yield Right of Way, and the investigating officer noted in her report contributing factors of "Failing to Yield Right of Way–Yield Sign" and "Driver Inattention."

## IV.
## NEGLIGENCE, NEGLIGENCE PER SE,
## AND GROSS NEGLIGENCE ACTS OR OMISSIONS

Plaintiff would show that on the subject occasion, Defendant was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

a. Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545. 417(a);

b. In operating the vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiff herein, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545. 401(a);

c. In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiff;

2

    d.    In failing to turn the vehicle to the right or left so as to avoid hitting Plaintiff;

    e.    In failing to maintain control of the vehicle prior to the subject collision, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545. 060(a);

    f.    In failing to maintain an assured safe distance between her vehicle and the Plaintiff's vehicle, which constitutes negligence and negligence per se, as it is in violation of Texas Transportation Code §545.062(a);

    g.    In driving and operating said vehicle at a speed in excess of the posted speed limit, and is therefore prima facie evidence that the speed was not reasonable and prudent, as described by Texas Transportation Code §545.352(a); and

    h.    In failing to take proper evasive action;

    i.    In failing to yield the right of way to Plaintiff as Defendant attempted to make a left turn across oncoming traffic, as described in Texas Transportation Code; and

    j.    In general failing to yield the right of way to Plaintiff's vehicle.

Defendant **CAROL ANN LUDWIG's** actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his natural life.

Plaintiff hereby alleges that the negligence of Defendant **CAROL ANN LUDWIG** was more than momentary thoughtlessness or inadvertence. Rather, the conduct of Defendant **CAROL ANN LUDWIG** involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **CAROL ANN LUDWIG** had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et.*

3

*seq.* Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

Each of the aforesaid acts and omissions, taken singularly or in combination constitutes negligence, negligence per se, gross negligence and malice which was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one hundred thousand dollars ($100,000.00) but not more than two hundred thousand dollars ($200,000.00). Plaintiff reserves the right to amend these amounts.

## V.
## DAMAGES

Plaintiff would show that as a proximate result of the Defendant's negligence, as stated hereinabove, Plaintiff, **JESUS HECTOR ZALDIVAR**, suffered injuries including the following injuries and damages:

   a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of her injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment, which will, in all reasonable probability, be suffered in the future;

   g. Lost wages in the past;

h. Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i. Mental anguish in the past;

j. Mental anguish which will, in all reasonable probability be suffered in the future;

k. Fear of future disease or condition;

l. Disfigurement;

m. Cost of medical monitoring and prevention in the future; and/or

n. Loss of household services.

Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence *per se* and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one hundred thousand dollars ($100,000.00) but not more than two hundred thousand dollars ($200,000.00). Plaintiff reserves the right to amend these amounts.

## VI.
## EXEMPLARY DAMAGES

Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

The above-referenced acts and/or omissions by Defendant constitute gross negligence as that term is defined in Section 41.001(11) of the Texas Civil Practice and Remedies Code. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the

occurrence in question and the resulting injuries and damages sustained by Plaintiff.

Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Therefore, for such malice on behalf of Defendant, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VII.
## REQUEST FOR DISCLOSURE

Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## VIII.
## FIRST SET OF INTERROGATORIES TO DEFENDANT, CAROL ANN LUDWIG

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197, propounds the following Interrogatories to Defendant, **CAROL ANN LUDWIG**, attached hereto in **Exhibit A**. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

## IX.
## REQUESTS FOR PRODUCTION TO DEFENDANT, CAROL ANN LUDWIG

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within fifty (50) days, Defendant, **CAROL ANN LUDWIG**, produce and permit Plaintiff to inspect and copy the

documents and things described in the requests below in **Exhibit B**, and as instructed below. Plaintiff requests that Defendant produce the documents at the office of JERRY V. HERNANDEZ, PC, 10500 Heritage Blvd, Ste. 102, San Antonio, Texas 78216.

## X.
## REQUESTS FOR ADMISSION TO DEFENDANT, CAROL ANN LUDWIG

Each of the items under the heading "Requests for Admission" is a request for admission propounded to Defendant, **CAROL ANN LUDWIG**, pursuant to the provisions of Rule 198, Texas Rules of Civil Procedure, attached hereto in **Exhibit C**. Under said rule, each such matter is admitted without the necessity of a court order unless, within fifty days (50) after service of the citation and petition if this document accompanies the citation, you serve a written answer specifically denying the matter or setting forth in detail the reasons why you cannot truthfully admit or deny the matter, or make an improper legal objection.

## XI.
## U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the U.S. Department of Health and Human Services.

## XII.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such documents and materials may be used as evidence against the party producing the documents and materials at any pretrial proceeding and/or at trial of this case without the necessity of authenticating the documents and/or materials produced in discovery.

## XIII.
## PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Accordingly, Plaintiff would show the Court that he is entitled to pre-judgment interest under the Laws of the State of Texas.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of this cause she shall have and recover judgment against the Defendant for the following:

a. Actual damages in an amount that is over one hundred thousand dollars ($100,000.00) but not more than two hundred thousand dollars ($200,000.00). Plaintiff reserves the right to amend these amounts.

b. Pre-judgment interest at the legal rate;

c. Post-judgment interest at the legal rate until the judgment is paid in full;

d. For all costs of Court; and

e. For such other and further relief to which Plaintiff is justly entitled, at law and in equity.

[Remainder of page intentionally left blank]

Respectfully submitted,

**JERRY V. HERNANDEZ, PC**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 293-1000
Fax: (210) 870-1475

By: _____
**JERRY V. HERNANDEZ**
State Bar No. 09516870
JerryH@davislaw.com
**CARLOS GARCIA**
State Bar No. 07681350
CarlosG@davislaw.com
**JASON LINNSTAEDTER**
State Bar No. 24096521
JasonL@davislaw.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL.**